**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| JAMES A. HILL, | ) | |
| ADC # 143512 | ) | |
|     Petitioner, | ) | **Case No. 5:12-CV-00204 SWW-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by James A. Hill (Doc. No. 2).[1]  A response was filed by Respondent Ray Hobbs on July 5, 2012 (Doc. No. 7).  Petitioner did not file a reply.  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted by a jury of first-degree murder on December 10, 2008, and he was sentenced to 30 years' imprisonment in the Arkansas Department of Correction.  At trial, Petitioner did not dispute that he fatally shot the victim in the back with a shotgun.  He argued that learning his estranged wife had been having sex with the victim caused him to act under an extreme emotional disturbance, rather than with premeditation and deliberation.   He directly appealed his conviction to the Court of Appeals, arguing that 1) the trial court erred in denying his motion for mistrial based on the admission of evidence concerning deviant and incestuous group-sex acts engaged in by his

---

[1] The Court notes that Petitioner has failed to verify his petition as required by 28 U.S.C. §2242.

estranged wife, himself, and other individuals and 2) it was error to grant the State's motion in limine to exclude evidence of the victim's violent past. His appeal was denied on June 16, 2010. The court found no abuse of discretion regarding 1) admission of the evidence because it was relevant to disproving Petitioner's state of mind defense or 2) the exclusion of the victim's criminal history because Petitioner's alleged outrage that resulted from the victim's violent criminal past was inconsistent with Petitioner's desire to kill.

Petitioner subsequently filed a petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on November 8, 2010. He argued that 1) there was prosecutorial misconduct, 2) a denial of due process, 3) he had a temporary mental incompetency, and 4) he was denied a fair and impartial trial. His petition was dismissed on January 7, 2011, because the Court found that his arguments were conclusory and not cognizable Rule 37 claims. His subsequent appeal to the Supreme Court was denied on October 6, 2011. The court found that Petitioner's first two arguments were not cognizable under Rule 37, the third argument was abandoned on direct appeal, and the fourth argument was not cognizable because it was addressed on direct appeal.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, arguing that 1) he was denied postconviction relief when his Rule 37 petition was dismissed for failure to present any cognizable claims, 2) crucial evidence regarding the victim's character was excluded, and 3) the admission of prejudicial evidence regarding his wife's sexual conduct amounted to prosecutorial misconduct.

His first claim is not cognizable because it "presents a challenge to a state court proceeding which is collateral to [his] detention, rather than a constitutional challenge to the detention itself." *Schlup v. Armontrout*, 941 F.2d 631, 642 (8th Cir. 1991). It is also without merit because his Rule 37 claims were either abandoned or ones that must be made at trial and then on direct appeal under Arkansas law, not in a collateral attack under Rule 37.

His second argument is also unreviewable because it is based on an alleged error under Arkansas's evidentiary rules.  Federal habeas relief requires petitioners to show they are "in custody in violation of the *Constitution or laws or treaties of the United States*." 28 U.S.C. § 2241(c)(3) (emphasis added).   State law evidentiary questions "are reviewable in a federal habeas corpus proceeding[] only when the alleged error infringed upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied petitioner fundamental fairness." *Ford v. Armontrout*, 916 F.2d 457, 460 (8th Cir. 1990).   Petitioner has failed to make such a showing.   It is also unclear how evidence regarding the victim's violent criminal past would have been relevant to his defense, which was based on a lack of intent due to the extreme emotional distress from learning that his wife had sexual relations with the victim.

Petitioner's third contention is essentially another claim based on state evidentiary law and can be dismissed for the reasons discussed above.  The trial court's admission of the evidence concerning him and his wife's sexual activities was addressed on direct appeal, and his relabeling the claim as one concerning prosecutorial misconduct does not change its nature.

However, to the extent he argues that admission of the evidence amounted to prosecutorial misconduct, his claim is procedurally defaulted.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).   "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).   "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).   To meet

this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner raised the current claim in his Rule 37 petition, but it was dismissed because it was not cognizable under Rule 37.  Thus, he did not properly present it to the Arkansas courts.   He has not presented any arguments regarding cause and prejudice, and the Court sees no indication that there is any reason to excuse his procedural default.  Accordingly, Petitioner's claims are procedurally barred from federal consideration.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 14th day of August, 2013.

_____
United States Magistrate Judge